RILEY, Chief Judge,
concurring in part and dissenting in part.
Part Ill’s prediction about Minnesota law does not convince me, and I respectfully dissent from that portion of the court’s opinion.
Quoting a California case, the court writes without qualification that “an agent cannot commit the tort of wrongful discharge.” Ante at 752 (internal quotation omitted). That premise is far from well established. See, e.g., VanBuren v. Grubb, 284 Va. 584, 733 S.E.2d 919, 922-23 (2012) (joining the District of Columbia and the states of Arizona, Iowa, New Jersey, Pennsylvania, and West Virginia in holding an employer’s supervisory agent may commit the tort of wrongful discharge). Yet Part III predicts Minnesota would follow California.
Like the Minnesota resident district judge in this case, I disagree. Under Minnesota law, “[a] wrongful discharge claim sounds in tort.” Abraham v. Cnty. of Hennepin, 639 N.W.2d 342, 352 (Minn.2002). Based on Graff v. Robert M. Swendra Agency, Inc., 800 N.W.2d 112, 117 n. 4 *754 (Minn.2011), I believe the Minnesota Supreme Court would generally agree with the Supreme Courts of Iowa and Virginia:
In a wrongful discharge case, the tor-tious act is not the discharge itself; rather, the discharge becomes tortious by virtue of the wrongful reasons behind it. Where those tortious reasons arise from the unlawful actions of the actor effecting the discharge, he or she should share in liability.... Limiting liability to the employer would follow a contract construct. Wrongful discharge, however, is an action sounding in tort. While there are components of a contractual relationship, wrongful discharge remains a tort and tort principles must apply.
VanBuren, 733 S.E.2d at 923 (citing Jasper v. H. Nizam, Inc., 764 N.W.2d 751, 776 (Iowa 2009)).
Part III of the court’s opinion rejects the VanBuren/Jasper approach because “the agent is without power to destroy the employment relationship” without employer authorization and “has no independent capacity to commit the tort” of wrongful discharge. Ante at 752. That reasoning is unpersuasive. “The tort of wrongful discharge does not impose liability for the discharge from employment, but the wrongful reasons motivating the discharge.” Jasper, 764 N.W.2d at 776.
Here, the jury found Amy Cerna personally liable because her own motives and conduct were illegal. That Cerna was acting as her employer’s agent and that her employer, if held liable, “likely ... will act to deter [Cerna] from repeating such conduct,” ante at 752 (quotation omitted), does not shield Cerna from liability for her own wrongful conduct because—according to well-established agency rules recognized under Minnesota law—“employers and employees are deemed to be jointly liable and jointly suable for the employee’s wrongful act,” VanBuren, 733 S.E.2d at 923 (internal quotation omitted). See Graff, 800 N.W.2d at 117 n. 4 (the Minnesota Supreme Court citing for authority and quoting Restatement (Third) of Agency § 7.01 & cmt. b (2006) for the proposition “that an agent generally ‘is subject to liability to a third party harmed by the agent’s tortious conduct,’ even when the agent’s conduct may also subject the principal to liability”).
Following Minnesota precedent and hornbook agency and tort law, I would affirm the jury’s verdict.